Rachel Chatman (CA 206775)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
rchatman@beneschlaw.com

Yelena G. Katz (Admitted *pro hac vice*)
Eric M. Flagg (Admitted *pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile:  216.363.4588
ykatz@beneschlaw.com
eflagg@beneschlaw.com

*Additional counsel listed on following page*

Attorneys for Defendant
CAPITAL RX, INC.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BETHEA JR,<br><br>        Plaintiff,<br><br>v.<br><br>CAPITAL RX INC., a Corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-04579-SPG (AGRx)<br><br>**DISCOVERY MATTER: STIPULATED AND ~~PROPOSED~~ HIPAA-QUALIFIED PROTECTIVE ORDER**<br><br>Judge:       Hon. Sherilyn Peace Garnett<br>Location:    First Street Courthouse<br>Courtroom: 5C<br><br>[Los Angeles County Superior Court Case No. 25STCV11284]<br><br>Removal:     May 21, 2025<br>FAC Filed:   June 30, 2025<br>Trial Date:  Not Set |

1  Hillary Arrow Booth (CA 125936)
2  Booth LLP
   11835 W. Olympic Blvd., Suite 600E
3  Los Angeles, California 90064
   T: 310-641-1800
4  F: 310-641-1818
   hbooth@boothllp.com
5
6  Attorneys for Defendant
   CAPITAL RX, INC.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCOVERY MATTER: STIPULATED AND PROPOSED HIPAA-QUALIFIED PROTECTIVE ORDER**
**Case No. 2:25-cv-04579-SPG (AGRx)**

27511335

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to and the court finds good cause for the issuance of a qualified protective order and ORDERS:

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to individuals whose protected health information is in the possession of Capital Rx, Inc., to the extent and subject to the conditions set forth herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to: related to: the care provided to patients that is related to the Action, the payment for care provided to patients which identifies or which reasonably could be expected to identify said patients.

3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to the Action to all attorneys in this Action.

4. The parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

5. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

6. Any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

7. Within 120 days after the conclusion of this action, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the covered entity that provided it, or destroy the protected health information, except for health information that was submitted to the court.

8. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

9. This Order does not control or limit the use of protected health information pertaining to the Action that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 21, 2025

Jamie Wright, Esq.
Attorney for Plaintiff
John C. Bethea, Jr.

Dated: October 24, 2025

/s/ Yelena G. Katz

Attorney(s) for Defendant Capital Rx, Inc.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: October 29, 2025

Alicia G. Rosenberg
United States Magistrate Judge

---

DISCOVERY MATTER: STIPULATED AND PROPOSED HIPAA-QUALIFIED PROTECTIVE ORDER
Case No. 2:25-cv-04579-SPG (AGRx)

27511335

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Bethea v. Capital Rx Inc., et al.*, C.D. Cal. 2:25-cv-04579-SPG (AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____